IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Journeys E-Scooters, LLC, et al.,<br><br>　　　　Plaintiffs,<br><br>　　　　　v.<br><br>Julio Roldán-Concepción, et al.,<br><br>　　　　Defendants. | **Civil No. 22-01281** |

**OPINION AND ORDER**

Before the Court is the *Motion in Limine* filed by co-defendants Hon. Julio Roldán-Concepción ("Mayor Roldán"), and Frank Hernández-Hernández ("Hernández"), in their personal capacities (collectively, "Co-Defendants") (Docket No. 52). After reviewing the Parties' submissions, pertinent law, and the applicable rules of procedure, the Court **GRANTS IN PART AND DENIES IN PART** Co-Defendants' *Motion in Limine*.

**I. FACTUAL BACKGROUND**

The facts alleged in this case transpired during a period of several days during August 2021. Before, on July 8, 2021, Plaintiffs Journeys E-Scooter LLC, a limited liability corporation organized in accordance with the Laws of Puerto Rico, and Enrique Quiñones-Vázquez ("Quiñones"), his wife Jaimys Santana González ("Santana"), and their conjugal partnership (collectively, "Plaintiffs") organized Journeys E-Scooters LLC, a business engaged in the rental of scooters and bicycles. (Id. at 3). Few

weeks later, on August 6, 2021, the Municipality of Aguadilla (the "Municipality") issued a permit to allow E-Scooters LLC to engage in commercial practices. (Id.). On August 18, 2021, Quiñones began to operate his business. (Id.). On several instances, between August 18 and August 21, 2021, Quiñones went to the area known as Paseo Real Marina to deliver and pick up some scooters. Quiñones alleges that on August 18, he parked his wagon on a space reserved for parking in the Paseo Real Marina Avenue and that Mayor Roldán approached him in an angry and intimidating way, shouting that he could not be parked in the space reserved for parking vehicles. (Id. at 4). According to Quiñones, after Mayor Roldán left the area, municipal police officers arrived requesting for the documents that authorized the rental of scooters and bicycles and requested him to leave the area. (Id. at 5).

On August 19, 2021, Quiñones parked in the same space reserved for parking in the Paseo Real Marina. (Id.). Shortly after, Co-Defendant Hernández showed up, accompanied by two municipal police officers, and gave Quiñones a copy of a document entitled Ordinance 59 and told him that he had to leave immediately, or he was going to give him a parking ticket. (Id. at 5-6). Quiñones alleges that Hernández told him that he had instructions from Mayor Roldán to give him a parking ticket, which he did and left. (Id. at 6). On August 20, 2021, Quiñones went to the same parking space to make another scooters delivery and once again Co-defendant Hernández

showed up accompanied by three municipal police officers and told him that he couldn't park there. (Id.).

The next day, August 21, 2021, Quiñones went to Municipal Police Station to inquire as to the situation with the parking space. (Id. at 7). On that same day, Quiñones went to deliver some scooters and this time, he decided to park in an empty lot that is used as a parking space. (Id.). After all the interventions previously described, on that date, on a fourth intervention, Quiñones was arrested by Co-Defendant Hernández for obstruction of justice for allegedly refusing to comply with the municipal ordinance and for violating the terms of the permit issued by the Municipality. (Id. at 7-8). Hernández alleges that he had probable cause for his arrest. (Docket No. 25 at 10).

## II. PROCEDURAL HISTORY

On June 15, 2022, Plaintiffs filed a *Complaint* against Mayor Roldán, the Mayor of the Municipality, Hernández, the Lieutenant of the Municipal Police of Aguadilla and the Municipality. (Docket No. 1). The *Complaint* brings causes of action pursuant to 28 U.S.C. §1331 and 42 U.S.C. §1983, alleging that Mayor Roldán and the Municipality's actions violated their constitutionally protected rights under the Fourth Amendment of the Constitution of the United States, the Constitution of Puerto Rico and the Civil Code of Puerto Rico. Plaintiff also requested declaratory and injunctive

relief pursuant to Rule 65 of the Rules of Civil Procedure. (Id. at 1-2).

After the *Complaint* was filed, on July 26, 2022, the Court issued a *Scheduling Order/Case Management Order* establishing June 1, 2023, as both the deadline to conclude discovery and to file dispositive motions. (Docket No. 8). On August 24, 2022, Co-defendants Mayor Roldán and Hernández, in their personal capacities, filed a *Motion to Dismiss for Failure to State a Claim* ("Motion to Dismiss") requesting partial dismissal of co-plaintiff Santana's claim under 42 U.S.C. § 1983. (Docket No. 10). On September 15, 2022, the Court issued an order regarding the motion to dismiss, stating: "The Court confirms that Jaimys Santana Gonzalez has no § 1983 claim nor does she allege any" thereby granting the Motion to Dismiss as to co-plaintiff Santana. (Docket No. 13). On September 16, 2022, the Court amended the *Scheduling Order/Case Management Order* to extend the conclusion of discovery to April 14, 2023, and the deadline to file dispositive motions to June 1, 2024. (Docket No. 14). Thereafter, the parties did not file any dispositive motions.

On September 21, 2023, the parties filed their *Joint Proposed Pretrial Order* (Docket No. 19). An *Amended Joint Proposed Pretrial Order* was filed on October 4, 2023. (Docket No. 25). On that same date Judge William Young held a Pretrial Conference and reviewed

the pretrial order, "but for what was addressed on the record regarding medical records." *See* (Minute Order at Docket No. 26).

On May 8, 2025, the case was reassigned to the undersigned. (Docket No. 39). On June 10, 2025, a status conference was held, and Jury Trial was set for September 2, 3, 4, 5, and 8, 2025. The deadline to file motions in limine was set for August 18, 2025. (Docket No. 46). After requesting an extension of time, which was granted, on August 19, 2025, Mayor Roldán and Hernández, in their personal capacities, filed a *Motion in Limine*. (Docket No. 52).

In their *Motion in Limine*, Mayor Roldán and Hernández move to exclude: (1) the documents regarding Journeys E-Scooter, LLC; (2) the video from the moment Quiñones was arrested, and (3) Quiñones's medical file. According to Mayor Roldán and Hernández, the proposed evidence shall be excluded because Plaintiff failed to produce or announce them during discovery.

Specifically, as to the documentary evidence regarding Journeys E-Scooter, LLC, Co-Defendants argue that during Quiñones's deposition, they questioned him about the number of scooters used in the business, costs, the amount of scooters sold and economic loss, and more, but that he failed to provide answers. Consequently, Co-Defendants contend that they requested Plaintiffs to produce among other documents, bank statements and income tax returns, but Plaintiffs never responded. In addition, they argue that the documents are announced generally in the *Amended Joint*

Civil No. 22-01281(GMM)
Page -6-

*Proposed Pretrial Order* as "documents regarding the Journeys E-Scooter LLC Company", without identifying each document separately. Hence, Co-Defendants argue that Plaintiffs failed to comply with Fed. R. Civ. P. 26(a)(3) and 26(e) because they did not produce any of the documentation requested either as a response to the Defendants' request for production or as supplemental disclosure. (Id. at 3-4). As to the video, Defendants also argue that Plaintiffs did not disclose or produce the video, and that they did not provide information regarding the source and chain of custody of said video. (Id. at 4). Lastly, regarding Quiñones's medical records intended to prove his damages, Co-Defendants contend that the contents of the medical file constitute inadmissible hearsay since Plaintiffs failed to disclose any information regarding his treating physician as a witness.

On August 25, 2025, Plaintiff filed their *Opposition to Motion in Limine*. (Docket No. 60). Therein, Plaintiffs aver that as to Quiñones's medical record it was produced to Counsel Carlos Hernández ("Counsel Hernández"), the Municipality's counsel. Regardless, Plaintiffs posit that they are not going to present documentary evidence regarding Quiñones's preexisting medical conditions. As to the video, Plaintiffs argue that during depositions the matter of its existence arose, and that Counsel Hernández said he had seen the video. (Id. at 2). In addition, Plaintiffs contend that Co-Defendants never requested the video,

neither during the depositions or afterward. (Id.). Also, Plaintiffs indicated that they were sending a copy of the video by e-mail.

Regarding the alleged unproduced Journeys E-Scooters, LLC documents, Plaintiffs argue that these are in possession and custody of the Defendants since they are documents issued by the Municipality. (Id.).

### III.    LEGAL STANDARD

A.    Fed. R. Civ. P. 26 and 37

"District courts have considerable autonomy in managing discovery proceedings. This authority extends both to setting disclosure deadlines and meting out sanctions when parties fail to honor such deadlines." González Rivera v. Centro Médico Del Turabo, Inc., 931 F.3d 23, 27 (1st Cir. 2019). Federal Rule of Civil Procedure 26(a)(1)(A) requires a party, "without awaiting a discovery request, provide to the other parties ... (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment[.]" Fed. R. Civ. P. 26(a)(1)(A)-(a)(1)(A).

Accordingly, Federal Rule of Civil Procedure 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is

not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1) (emphasis added). Therefore, preclusion of a witness "is not a strictly mechanical exercise" and Rule 37(c)(1) provides for alternative sanctions. Esposito v. Home Depot U.S.A., Inc., 590 F.3d 72, 78 (1st Cir. 2009). When a court is to determine whether to preclude a witness or whether the Rule 26 violation was substantially justified or harmless, the court is to "account for the totality of the circumstances" and consider "a host of factors, including: (1) the history of the litigation; (2) the sanctioned party's need for the precluded evidence; (3) the sanctioned party's justification (or lack of one) for its late disclosure; (4) the opponent-party's ability to overcome the late disclosure's adverse effects—e.g., the surprise and prejudice associated with the late disclosure; and (5) the late disclosure's impact on the district court's docket." González Rivera, 931 F.3d at 27; Esposito, 590 F.3d at 78 (*citing* Macaulay v. Anas, 321 F.3d 45, 51 (1st Cir. 2013)) (internal quotations omitted).

Moreover, "an important object of [the Rules of Civil Procedure] is to avoid trial by ambush, the district court typically sets temporal parameters for the production of such information." Macaulay v. Anas, 321 F.3d 45, 50 (1st Cir. 2003) (*citing* Fed. R. Civ. P. 16(b)). Such a timetable "promotes fairness

both in the discovery process and at trial." Thibeault v. Square D Co., 960 F.2d 239, 244 (1st Cir. 1992). In the event that no deadline is set, however, Rule 26(a)(3) imposes a baseline requirement that pretrial disclosures be made at least thirty days before trial. Fed. R. Civ. P. 26(a)(3)(B). By its plain and ordinary terms, one of two deadlines controls pretrial disclosures: (1) as ordered by the Court; or (2) at least 30 days before trial.

### IV. DISCUSSION

A. Quiñones's medical file

As to Quiñones's medical file, Plaintiffs argue that at trial they are not going to present documentary evidence of Quiñones's pre-existing medical conditions. Therefore, the Co-Defendants' request for exclusion is moot as to that aspect.

Plaintiffs, however, do not contradict, respond, or provide an explanation as to the late disclosure of the treating physician as a fact witness. Notably, on September 21, 2023, the parties filed their *Joint Proposed Pretrial Order* (Docket No. 19). A treating physician was not announced as Plaintiffs' fact witness therein. An *Amended Joint Proposed Pretrial Order* was filed on October 4, 2023, and a treating physician was not announced either. (Docket No. 25). However, during the status conference held on June 10, 2025, Plaintiffs requested to amend the *Amended Joint Proposed Pretrial Order* to include the physician who treated

Civil No. 22-01281(GMM)
Page -10-

Quiñones as a fact witness. The Court did not grant Plaintiffs' request. (Docket No. 46 at 3). Hence, Plaintiffs will not be allowed to use this fact witness at trial as to the medical files, since the witness was not timely disclosed in the *Amended Joint Proposed Pretrial Order*.

Now to Co-Defendants hearsay arguments. Hearsay is inadmissible unless an exception or exclusion applies. Fed. R. Evid. 801, 802. Rule 803(4) provides the medical records exception to the hearsay exclusionary rule. Specifically, the medical records exception provides any statement that "(A) is made for—and reasonably pertinent to—medical diagnosis or treatment; and (B) describes medical history; past or present symptoms or sensations; their inception; or their general cause" shall be admissible. Fed. R. Evid. 803(4). *See* Banks v. Ashford 1369 Hosp. LLC, No. CV 23-1055 (BJM), 2025 WL 276265, at *1 (D.P.R. Jan. 23, 2025) (admitting plaintiff's medical records under Fed. R. Evid. 803(4) over defendant's hearsay objection); Figueroa v. P.R. Aqueducts & Sewer Auth., Civil No. 14-1395 (SCC), 2016 WL 6135445, at *---- – ----, 2016 U.S. Dist. LEXIS 146282 at *12-13 (D.P.R. Oct. 21, 2016).

Although Plaintiffs indicate they will not use the medical files to establish Quiñones's pre-existing conditions, it is not clear if the medical files are intended to be used for other

purposes. If Plaintiffs seek to introduce the medical records at trial, any authentication determination will be made then.

B. <u>Documents regarding Journeys E-Scooters, LLC</u>

Regarding the allegedly unproduced documents pertaining to Journeys E-Scooters, LLC, Plaintiffs informed that those documents are in the Defendants' custody. In addition, during the Pretrial Conference held on August 22, 2025, Plaintiffs clarified that the documents listed in the *Amended Joint Proposed Pretrial Order* referred to the permits and documents regarding the business which were issued by the Municipality. *See* (Docket No. 69 at 2). These documents were announced as proposed exhibits by the Co-Defendants themselves, and thus they cannot not claim that they were surprised or prejudiced by Plaintiffs' alleged failure to disclose. Therefore, the Court will not exclude permits and documents pertaining to Journeys E-Scooters on the grounds presented. However, the Court warns that any other documents related to Journeys E-Scooters which were not produced by Plaintiffs during discovery or timely disclosed in the *Amended Joint Proposed Pretrial Order* will be excluded from admission at trial.

C. <u>Video of Quiñones' arrest</u>

The Court possesses "broad discretion in ruling on the admissibility of tape recordings." <u>Diaz-Casillas v. Doctors' Ctr. Hosp. San Juan</u>, 342 F. Supp. 3d 218, 235 (D.P.R. 2018) (*quoting* <u>United States v. Font-Ramírez</u>, 944 F.2d 42 (1st Cir. 1991)). Video

evidence "must be judged under its own particular facts taking into account the specific purposes for which this type of evidence is submitted." Szeliga v. Gen. Motors Corp., 728 F.2d 566, 567 (1st Cir. 1984).

The proponent of a piece of evidence must "produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). That standard is met if a district court supportably finds that the proponent has shown "a reasonable probability" that the evidence is what it purports to be. United States v. Luna, 649 F.3d 91, 103 (1st Cir. 2011) (*quoting* United States v. Barrow, 448 F.3d 37, 42 (1st Cir. 2006)). Moreover, "[t]his requirement may be met with various forms of evidence, including 'testimony that an item is what it is claimed to be' or evidence of 'the appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together with all the circumstances.'" United States v. Vázquez-Soto, 939 F.3d 365, 373 (1st Cir. 2019) (cleaned up) (*quoting* Fed. R. Evid. 901(b)(1), (4)).

Moreover, a "recording may be admitted if the district court is satisfied that the recording is accurate, authentic, and generally trustworthy. This can be established either through a chain of custody or other testimony [that] establish[es] the accuracy and trustworthiness of the evidence." United States v.

Miller, 817 F. App'x 119, 124 (6th Cir. 2020) (internal quotations and citations omitted) (alterations in original).

The Court must determine whether preclusion of the video is warranted if the Rule 26 violation is substantially justified or harmless. Here, the Rule 26 violation is undisputed. Plaintiffs concede that the video from the moment Quiñones was arrested was never produced during discovery and even indicate that they have now sent a copy to the Defendants. However, Plaintiffs excuse the late disclosure by arguing that they assumed Defendants had the video since they brought it up during depositions and since they never requested its production during discovery.

The circumstances here are troubling. Plaintiffs have not offered a reasonable justification for the late production and the video appears to be central to their claims. However, Co-Defendants are hardly free from blame. To begin, it is unclear why counsel waited until the motion in limine stage —two weeks prior to trial— to bring this discovery issue to the Court's attention. The history of litigation in this case weighs against preclusion, as the record is devoid of any motions as to discovery conflicts or non-compliance. To this extent, Co-Defendants never filed a motion to compel discovery regarding the video in question. "Rule 37 sets forth a clear path to be followed if a party believes that another litigant is not cooperating in the discovery process." R.W. Int'l Corp. v. Welch Foods, Inc., 937 F.2d 11, 18-19 (1st Cir. 1991).

When a party fails to produce documents, the other party should file a motion to compel their production. Id.

Furthermore, even though the Co-Defendants did not argue as much, the Court reviewed Co-Defendants ability to overcome the late disclosure's adverse effects—e.g., the surprise and prejudice associated with the late disclosure. Here, the production of this video after the discovery deadline is no surprise. Likewise, Co-Defendants were not precluded the possibility of taking any depositions as to the subject or contents of the video. On the contrary, during the discovery stage, Co-Defendants had knowledge of the video's existence, and it appears that they even discussed the video during depositions. Moreover, by the time the first *Joint Proposed Pretrial Order* was filed on September 21, 2023 —nearly two years ago— Co-Defendants had knowledge of the contents of the video and who recorded it and still failed to request its production. (Docket No. 19). Specifically, as evidenced by their own allegations included in the proposed facts in both the *Joint Proposed Pretrial Order* and the *Amended Joint Proposed Pretrial Order*, they alleged (1) that Quiñones's "arrest was recorded by his brother in law who gave him copy of the recording"; (2) that "Mr. Quiñones proceeded to publish said recording in the social network Facebook"; and that "[t]he recording of the incident was available to public display for almost a year after his arrest". *See* (Docket Nos. 19 at 35 ¶ 6; 25 at 33 ¶ 3).

Hence, the Court declines to preclude the admission of the video —at this time— due to its late disclosure. However, the Court will defer to issue its determination on its admissibility at trial, pending Plaintiffs ability to authenticate the recording under Rule 901(a) and (b). *See* Fed. R. Evid. 901.

### V. CONCLUSION

For the reasons stated above, the Court **GRANTS IN PART and DENIES IN PART** Co-Defendants' *Motion in Limine*.

IT IS SO ORDERED.

In San Juan, Puerto Rico, August 26, 2025.

s/Gina R. Méndez-Miró
GINA R. MÉNDEZ-MIRÓ
UNITED STATES DISTRICT JUDGE
